IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03035-PAB-KMT

MARINA RODRIGUEZ,

    Plaintiff,

v.

LUCHEY & MITCHELL RECOVERY SOLUTIONS, LLC,
TERETTE HAUGABOOK, and
JOHN DOE CORPORATION,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Response to the Order to Show Cause [Docket No. 33] filed by plaintiff Marina Rodriguez. On March 14, 2013, plaintiff moved for entry of default and entry of default judgment [Docket No. 24] pursuant to Federal Rules of Civil Procedure 55(a) and 55(b) against defendants Luchey & Mitchell Recovery Solutions, LLC ("Luchey") and Terette Haugabook.[1] On March 15, 2013, the Clerk of the Court entered default against defendants. Docket No. 25. On May 22, 2013, the Court entered default judgment against Luchey, but denied the entry of default judgment against Ms. Haugabook. Docket No. 31 at 9. The Court declined to enter default judgment against Ms. Haugabook because plaintiff had not sufficiently alleged "that Ms. Haugabook personally participated in the collection activities

---

[1] On March 12, 2013, plaintiff voluntarily dismissed Christopher Dobbins from this case. Docket No. 20.

surrounding the October 5, 2012 phone call, such as making the telephone call or directing one of her subordinates to do so." Docket No. 31 at 7 (citation omitted). The Court went on to state that, because plaintiff "alleges only generalities and does not allege that Ms. Haugabook personally participated in the specific collection activity at issue in this case, plaintiff does not provide sufficient facts to establish that Ms. Haugabook violated §§ 1692d or 1692e of the FDCPA." *Id.*

On May 23, 2013, the Court ordered plaintiff to show cause [Docket No. 32] why her claims against Ms. Haugabook should not be dismissed for failure to state a claim. In her response to the order to show cause, plaintiff states that the Court may properly enter default judgment against Ms. Haugabook because of the following facts alleged in the complaint:

> 1. Defendant Terette Haugabook ("Ms. Haugabook") is an individual who is a member of Luchey, and at all relevant times, was engaged by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5). (Doc. 1 at ¶9)
>
> 2. Ms. Haugabook was regularly engaged, directly or indirectly, in the collection of Plaintiff's debt. (Doc. 1 at ¶10).
>
> 3. Ms. Haugabook was personally involved in the collection of Plaintiff's debt. (Doc. 1 at ¶11).
>
> 4. Ms. Haugabook was materially involved in the collection of Plaintiff's debt. (Doc. 1 at ¶12).
>
> 5. Ms. Haugabook materially participated in Luchey's debt collection activities. (Doc. 1 at ¶13).
>
> 6. Ms. Haugabook was involved in the day-to-day operations of Luchey's debt collection business. (Doc. 1 at ¶14).
>
> 7. Ms. Haugabook exercised control over the affairs of Luchey's debt collection business. (Doc. 1 at ¶15).

Docket No. 33 at 2-3.  In addition, plaintiff states that the "majority of federal courts . . . have found that employees of debt collection companies can be held personally liable under the FDCPA."  Docket No. 33 at 1 (citation omitted).

Although the Tenth Circuit has yet to rule on whether individual defendants may be liable for violations of the FDCPA, several district courts have concluded that individual officers and employees of collection agencies may be liable for FDCPA violations in some circumstances.  *See Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 618 n. 3 (D. Utah 2005) (citing cases).  However, for a court to find an individual liable under the FDCPA, "the individual must have been personally involved in the unlawful collection effort."  *Derisme v. Hunt Leibert Jacobson, P.C.*, 880 F. Supp. 2d 339, 373 (D. Conn. 2012).  In this case, the unlawful collection effort is the October 5, 2012 phone call placed to plaintiff's cell phone.  Docket No. 1 at 4-5 ¶ 29.

As noted in the Court's previous order, plaintiff's complaint is devoid of any specific allegation linking Ms. Haugabook to the October 5, 2012 phone call.  Although plaintiff alleges that Ms. Haugabook participated in Luchey's "day-to-day" operations and "exercised control over" Luchey's affairs, the complaint does not allege what those day-to-day operations are and how they specifically relate to the October 5, 2012 phone call.  *Cf. Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated").  Similarly, plaintiff's allegations that Ms. Haugabook "materially participated in

Luchey's debt collection activities," "was personally involved in the collection of Plaintiff's debt," and "regularly engaged, directly or indirectly, in the collection of Plaintiff's debt" are wholly conclusory because they merely recite the elements of an FDCPA claim and do not sufficiently allege Ms. Haugabook's personal participation in the events of October 5, 2012.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim).  Moreover, the cases plaintiff cites in her response do not support her argument because these cases find liability against individual employees of debt collection agencies based on these employees' personal participation in the collection of the debt at issue.  *See, e.g., Cruz v. Int'l Collection Corp.,* 673 F.3d 991, 999 (9th Cir. 2012) (finding that individual defendant officer of the collection agency was liable under the FDCPA because he "was personally involved in at least one violation" when he "signed [a] letter," followed by his own initials, which contained false assertion that agency was entitled to collect interest on principal claimed as due); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (finding individual liability against one of two attorney defendants working at the collection agency because defendant "admitted in his deposition that he drafted the form letter that was sent to [plaintiff], . . . is the only member of the LLC, and is the one who negotiates terms with the mailing service provider used in the debt-collection practice"); *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1073 (E.D. Cal. 2008) (finding plaintiff individually liable because, among other things, he "oversaw [ ]collecting debts pursuant to contracts with the district attorneys' offices . . . he was one of only three individuals that had final authority over [debt

collectors'] collection procedures . . .   [he] also developed the automated software [the debt collector] used and was solely responsible for managing and maintaining the automated computer system that implemented [the debt collectors'] collection program"); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994) (finding that individual employees of debt collector were liable because they "actually made the actionable phone calls"); *Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 852 (D. Ariz. 1999) (finding that plaintiff asserted a valid claim against the officers of the company after plaintiff was allowed to amend his complain to "add allegations that Fayazi and Merkwan violated provisions of the FDCPA by approving, authorizing, or participating *in sending the alleged collection letter at issue*") (emphasis added); *Piper v. Portnoff Law Assocs.*, 274 F. Supp. 2d 681, 689 (E.D. Pa. 2003) (noting that the individual defendants were not entitled to summary judgment because "plaintiff ha[d] shown that the individual defendants both signed debt collection letters, or authorized others to sign the letters for them").

Because plaintiff's complaint does not sufficiently allege that Ms. Haugabook personally participated in the alleged violation of the FDCPA at issue in this case and plaintiff's response to the order to show cause does not provide any information curing this deficiency, the Court will dismiss plaintiff's claims against Ms. Haugabook for failure to state a claim.  *Ashcroft*, 556 U.S. at 678.

Accordingly, it is

**ORDERED** that all of plaintiff's claims against Terette Haugabook are dismissed. It is further

**ORDERED** that this case is closed in its entirety.

DATED May 30, 2013.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge