IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03035-PAB-KMT

MARINA RODRIGUEZ,

      Plaintiff,

v.

LUCHEY & MITCHELL RECOVERY SOLUTIONS, LLC,

      Defendant.

---

## ORDER

---

      This matter is before the Court on the Motion for Attorneys' Fees and Costs [Docket No. 37] filed by plaintiff Marina Rodriguez.  Defendant has not responded within 21 days as required by D.C.COLO.LCivR 7.1C.  Accordingly, it is proper for the Court to consider this motion.

## I. BACKGROUND

      On November 16, 2012, plaintiff filed this case against defendants Luchey & Mitchell Recovery Solutions, LLC ("Luchey"), Terette Haugabook, and Christopher Dobbins,[1] alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act, 47 U.S.C. § 227. In her complaint, plaintiff alleges that she is a natural person who is obligated to pay a debt arising out of a transaction for personal, family, or household goods.  Docket No. 1

---

[1]On March 12, 2013, plaintiff voluntarily dismissed Christopher Dobbins from this case.  Docket No. 20.

at 4, ¶¶ 26-27.  She avers that defendants are debt collectors as that term is defined in the FDCPA.  *Id*. at 2-3, ¶¶ 6-9, 16.  She further claims that, on October 5, 2012, Luchey called her cellular telephone in an attempt to collect a debt, representing that it was a civil investigations unit.  *Id*. at 4-5, ¶ 29.  On May 22, 2013 the Court entered default judgment against Luchey [Docket No. 31].[2]  On May 31, 2013, judgment entered in favor of plaintiff for $500.00 in statutory damages, plus plaintiff's costs and reasonable attorneys' fees [Docket No. 35].

In the instant motion, plaintiff requests $3,019.50 for 17.1 hours of work by four attorneys and various paralegals.  Docket No. 37 at 5.  Because the motion is unopposed, the Court will examine both the hourly rate and number of hours to determine if plaintiff's request is reasonable.

## II.  ANALYSIS

Section 1692k(a) of the FDCPA provides that a successful plaintiff may seek from defendant a "reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

---

[2]Plaintiff's claims against defendant Terette Haugabook were dismissed.  Docket No. 35.

**A.  Hourly Rate**

A "reasonable rate" is defined as the prevailing market rate in the relevant

community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop.*

*Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012,

1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the

requested rates are in line with those prevailing in the community."  *Ellis v. Univ. of Kan.*

*Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  In order to satisfy his burden, plaintiff

must produce "satisfactory evidence – in addition to the attorney's own affidavits – that

the requested rates are in line with those prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation."  *Blum*

*v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Four attorneys performed work on this case.  Marshall Meyers' hourly rate is

$250.  Mr. Meyers indicates that he has represented "thousands of consumers" in

consumer rights litigation, provides FDCPA compliance consulting to debt collection

companies, and has participated in cases before Arizona appellate courts and United

States district courts.  Docket No. 37-3 at 2.  Craig Ehrlich's hourly rate is $250.  Mr.

Ehrlich indicates that he graduated from law school in 1999, has experience in a variety

of practice areas, and, since 2010, practices exclusively in the area of consumer

finance litigation.  *Id.* at 4.  Joseph Panvini's hourly rate is $200.  Mr. Panvini indicates

that he graduated from law school in 2010, has represented consumers in disputes

before state and federal courts, and is focused almost exclusively on litigation under

consumer protection laws.  *Id.* at 5.  Venus Booth's hourly rate is $175.  Ms. Booth

3

indicates that she graduated from law school in 2012 and focuses her practice on consumer finance litigation.  *Id.* at 6.

Plaintiff correctly points out that the prevailing rate in Colorado for attorneys representing clients in FDCPA cases is $250 per hour.  *See, e.g., Johnson v. Midland Credit Management, Inc.*, 11-cv-02864-RPM-MEH, Docket No. 14 (D. Colo. Feb. 27, 2012); *Feder v. Midland Credit Management, Inc.*, 11-cv-02872-JLK, 2012 WL 266417, *1 (D. Colo. Jan 30, 2012); *Varley v. Midland Credit Management, Inc.*, 11-cv-02807-REB-MJW, Docket No. 16 (D. Colo. June 11, 2012).  The Court finds that Mr. Meyers and Mr. Ehrlich have the requisite experience to justify an hourly rate of $250.[3] Similarly, the Court finds that Mr. Panvini and Ms. Booth's lesser levels of experience are sufficient to justify hourly rates of $200 and $175 respectively.  Moreover, their rates accord with the Consumer Law Attorney Fee Survey amount for attorneys in the Western region with one to three years of experience.  *See* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report 2010-2011 at 29, available at www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf.

However, plaintiff fails to address whether the paralegals' hourly rate of $135 is reasonable.  Based on the statement of services [Docket No. 37-1], six different paralegals billed compensable time in this case, but plaintiff has not provided any indication of each paralegal's qualifications and experience.  The Consumer Law

---

[3]This holding is consistent with other decisions from this District.  *See, e.g., Skaer v. Nat'l Action Fin. Services, Inc.*, 08-cv-00422-REB-MJW, 2009 WL 724054 (D. Colo. Mar. 18, 2009); *Babeon v. Nat'l Action Fin. Services, Inc.*, 08-cv-00027-JLK-CBS; *Miller v. Cavalry Portfolio Services, LLC*, 08-cv-00772-ZLW-KLM; *Ocker v. Nat'l Action Fin. Services, Inc.*, 08-cv-00421-REB-MJW; *Harper v. Phillips & Cohen Associates, LTD*, 08-cv-01500-REB-KLM.

Attorney Fee Survey lists the median paralegal rate for the Western region as $99.00. *See* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report 2010-2011 at 42, available at www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf.  Because plaintiff has provided no support for exceeding the average, the Court finds that an hourly rate of $99 is reasonable for work performed by paralegals.

### B.  Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors.  First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client.  *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987).  Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).[4]  If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement.  *Id*.  A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering.  *Id*. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney

---

[4]"In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice.  *Ramos*, 713 F.2d at 554.

would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 553. The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

A review of plaintiff's fee request reveals that 1.40 hours were devoted to the procedure of substituting counsel – the withdrawal of Mr. Ehrlich and the entry of appearance by Mr. Meyers. Docket No. 37-1 at 2. While Mr. Ehrlich may have had good cause to withdraw as he is no longer employed by Weisberg & Meyers, LLC [Docket No. 27], plaintiff does not make clear that such an expense would normally be billed to a client. Moreover, plaintiff does not indicate why Mr. Meyers was required to enter an appearance as Mr. Panvini remains an attorney of record, filed plaintiff's Proposed Bill of Costs [Docket No. 36], and prepared this motion [Docket No. 37-1 at 2]. Because plaintiff has not met the burden of showing that counsel exercised proper billing judgment with respect to the .10 attorney hours and 1.30 paralegal hours devoted to the procedure of substituting counsel, the Court will reduce the award accordingly.

In *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989), the Supreme Court found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them." *Id*. at 288 n. 10. A review of plaintiff's time entries reveals that 1.4 paralegal hours were dedicated to non-

6

compensable clerical or administrative tasks, namely e-filing, converting documents into PDFs, and receiving emails. *See* Docket No. 37-1. The Court will reduce the award accordingly.

Plaintiff has not indicated that this case was complex and the record suggests the opposite. Defendants never responded to plaintiff's complaint, yet plaintiff did not file for an entry of default until March 14, 2013 – three months after plaintiff served the last defendant. *See* Docket No. 10. Plaintiff also filed a Motion to Vacate and Reschedule Rule 16(b) Conference on three separate occasions [Docket No. 11; Docket No. 15; Docket No. 19]. While plaintiff's time entries indicate that the rescheduling was because of case status, plaintiff's counsel had an unrelated scheduling conflict on at least one occasion. *See* Docket No. 15. Accordingly, the Court will reduce plaintiff's award by 0.4 hours of Mr. Ehrlich's time, 0.1 hours of Mr. Panvini's time, and 0.5 hours of paralegal time.

The final issue is the 1.5 hours Mr. Panvini expended preparing plaintiff's Motion for Attorneys' Fees and Costs. Docket No. 37-1 at 2. Recovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled. *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986). However, a petitioner's claim for a reasonable fee must be vindicated in order to support such an award. *See Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary.") (citation and internal quotations omitted);

*see also Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994) (finding that, while an attorney is generally allowed to recover fees for work in seeking attorney fees, a district court has discretion to deny an award for those hours if the underlying claim for fees is unreasonable).   While plaintiff's motion does not meaningfully argue that the attorneys exercised proper billing judgment given the relatively simple nature of this case, *see Case*, 157 F.3d at 1250, each attorney attests that the time he or she spent litigating was necessary and reasonable [Docket No. 37-2].   Moreover, plaintiff's requested fees are not unreasonable.   Therefore, the Court will grant plaintiff's request with respect to the 1.5 hours Mr. Panvini expended in preparing plaintiff's Motion for Attorneys' Fees and Costs.

### C.  Lodestar Amount

Based on the aforementioned conclusions, the Court finds that the lodestar figure for plaintiff's attorneys' fee request is $2172.50.   This fee award is reasonable given the issues presented in this case and it is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys.   *Blum*, 465 U.S. at 893-94.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Attorneys' Fees and Costs [Docket No. 37] is **GRANTED** in part and **DENIED** in part.   It is further

**ORDERED** that plaintiff MARINA RODRIGUEZ shall be awarded $2172.50 in attorneys' fees.

DATED November 18, 2013.

BY THE COURT:

  s/Philip A. Brimmer                              
PHILIP A. BRIMMER
United States District Judge